

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00776-CV

**IN RE STATE OF TEXAS**, ex. rel. Todd A. "Tadeo" Durden, County Attorney

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Irene Rios, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: December 4, 2019

PETITION FOR WRIT OF MANDAMUS DISMISSED AS MOOT

On November 4, 2019, relator filed a petition for writ of mandamus complaining of the trial court's July 10, 2019 "Citation to Todd A. Durden to Appear and Show Authority, . . . and for Consideration of Sanctions, . . . and Order of Protection" (the "Citation"). On November 7, 2019, this court ordered relator to show cause why this original proceeding should not be dismissed as moot based on an order signed by the trial court on October 8, 2019. Relator filed a response to our order. For the reasons stated below, we conclude this proceeding is moot and dismiss the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 4845, 4863, 4866, styled *The State of Texas, ex. rel. Todd A. Durden, in His Official Capacity as County Attorney v. James T. "Tully" Shahan, in His Official Capacity as County Judge; et al.*, pending in the 63rd Judicial District Court, Kinney County, Texas, the Honorable Sid L. Harle presiding.

## DISCUSSION

At some point in the on-going litigation between Mr. Todd Durden, in his capacity as County Attorney for Kinney County, Texas, against various defendants, the defendants filed a motion to cause Mr. Durden to appear and show his authority to act.[2]  In response to the defendants' motion, the trial court issued the Citation.  The Citation stated a hearing would be held on July 31, 2019, at which time Mr. Durden was to appear and show the basis of his authority to bring the underlying civil suits.  The Citation also stayed the production of any transcripts at Kinney County's expense pending the trial court's ruling on Mr. Durden's capacity to bring the litigation.  No hearing was held on July 31; instead, the case was assigned to the Honorable Sid Harle.

On October 4, 2019, Judge Harle conducted a hearing on the motion to dismiss and for final summary judgment filed by the defendants.  On October 8, 2019, the trial court signed an "Order Granting [Defendants'] Motion to Dismiss and for Final Summary Judgment and Denying Relator's Motion for Partial Summary Judgment."[3]  In the order, the trial court found Mr. Durden, "in his official capacity as County Attorney of Kinney County, Texas, has no legal standing or capacity to initiate civil litigation in the absence of clear and unambiguous statutory authority . . . ." The order also stated as follows:

> As for the determination of allocation of costs, both parties have requested Court Costs.  The case being resolved substantially in favor of the Defendant[s], the Court orders Plaintiff [relator], personally and individually, to pay all costs of court, including the cost of any transcripts, filing fees or service fees associated with this litigation.

---

[2] "A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.  . . . ." TEX. R. CIV. P. 12.

[3] The October 8 order is the subject of appeals pending before this court.

In its petition for writ of mandamus, relator characterizes the Citation as a temporary restraining order that restrains the County Attorney from doing some act that he is otherwise lawfully able to do. Relator asserts the Citation is void for the following reasons:

> The issuing of the Citation, and the Citation itself, fail to satisfy the provisions of Texas law set forth in Rules 680-693 of the Texas Rules of Civil Procedure and Chapter 65 of the Texas Civil Practice and Remedies Code. It was not granted upon a clear showing of specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. The Citation does not define the injury and state why it is irreparable and why the order was granted without notice. The Citation does not include an order setting a certain date for hearing on the temporary or permanent injunctive relief sought. The Citation does not recite that it shall expire by its terms within such time after signing, not to exceed fourteen days.

Because it appeared the trial court's October 8 order mooted the complaints raised in relator's petition, this court ordered relator to show cause in writing why this original proceeding should not be dismissed as moot. In its response to our show cause order, relator asserted the continued existence of the Citation adversely affects Mr. Durden's ability to fulfill his duties and denies him access to budgeted funds.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Here, the controversy, as phrased by relator, is whether the Citation is void because it does not meet the requirements necessary for the issuance of a temporary restraining order. As stated above, the Citation does no more than order Mr. Durden to appear and show authority and stay the expenditure of County funds pending a determination of Mr. Durden's authority. The Citation does not impliedly or expressly restrain Mr. Durden from taking any action as the County Attorney. As to the controversy over Mr. Durden's authority and access to County funds, those issues were determined on October 8 by the trial court's "Order Granting [Defendants'] Motion to Dismiss and for Final Summary Judgment and Denying Relator's Motion

for Partial Summary Judgment." Therefore, the October 8 order rendered this original proceeding moot. Accordingly, we dismiss relator's petition for writ of mandamus as moot.

PER CURIAM